UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SYNARTIS INCOME FUND, LLC,
CATALYST SYNARTIS CP MASTER
4A-2023, LLC, and SYNARTIS CAPITAL
MANAGEMENT, LLC,

    Plaintiffs,

v.                                                                    Case No.

CP HOLDINGS CONSOLIDATED VII, LLC;
PATRICIA A. SHIVELY, individually;
PATRICIA A. SHIVELY, as Trustee of the
Irrevocable Trust of Patricia A. Shively u/a/d
October 26, 2010; and SVEIN H. DYRKOLBOTN,
individually;

    Defendants.
_____/

# COMPLAINT

SYNARTIS INCOME FUND, LLC, CATALYST SYNARTIS CP MASTER 4A-2023, LLC, and SYNARTIS CAPITAL MANAGEMENT, LLC ("**Plaintiffs**"), by and through the undersigned counsel, files this Complaint against CP HOLDINGS CONSOLIDATED VII, LLC; PATRICIA A. SHIVELY, individually; PATRICIA A. SHIVELY, as Trustee of the Irrevocable Trust of Patricia A. Shively u/a/d October 26, 2010; and SVEIN H. DYRKOLBOTN, individually (each, a "**Defendant**" and collectively, the "**Defendants**"). The Plaintiffs seek to recover

from the Defendants amounts due and owing under a master credit facility, promissory note, and related guaranty agreements. As its Complaint, Plaintiffs allege as follows:

## GENERAL ALLEGATIONS

### The Parties and Diversity Citizenship

1. Plaintiff, Synartis Income Fund, LLC, is a Georgia limited liability company, with its principal place of business in Georgia.

2. Synartis Income Fund, LLC has two members:

   a. The first member of Synartis Income Fund, LLC is Chris Johnston, a citizen of Georgia.

   b. The second member of Synartis Income Fund, LLC is The Gordian Holdings Trust, whose trustee is Chris Johnston, a citizen of Georgia.

3. Plaintiff, Catalyst Synartis CP Master 4A-2023, LLC, is a Georgia limited liability company with its principal place of business in Georgia.

4. Catalyst Synartis CP Master 4A-2023, LLC has two members:

   a. The first member is Synartis Asset Management, LLC, a Delaware limited liability company. Synartis Asset Management, LLC also has two members:

      i. Chris Johnston, a citizen of Georgia; and

      ii. The Gordian Holdings Trust, whose trustee is Chris Johnston, a citizen of Georgia.

      b. The second member is Catalyst Equity Partners CRE, LLC, a Delaware limited liability company. Catalyst Equity Partners CRE, LLC has three members:

          i. Shalin Shah, who is a citizen of Georgia.

          ii. Kruti Shah, who is a citizen of Georgia.

          iii. Synartis Asset Management, LLC, which has two members:

              A. Chris Johnston, who is a citizen of Georgia.

              B. The Gordian Holdings Trust, whose trustee is Chris Johnston, a citizen of Georgia.

5. Plaintiff, Synartis Capital Management, LLC, is a Delaware limited liability company with its principal place of business in Georgia.

6. Synartis Capital Management, LLC has two members:

    a. Chris Johnston, who a citizen of Georgia.

    b. The Gordian Holdings Trust. Chris Johnston is the trustee of The Gordian Holdings Trust and is a citizen of Georgia.

7. Defendant, CP Holdings Consolidated VII, LLC, is a Florida limited liability company with its principal place of business in Florida.

8. CP Holdings Consolidated VII, LLC has two members:

    a. Svein H. Dyrkolbotn, who is a citizen of Florida.

    b. Patricia A. Shively, who is a citizen of Florida.

9. Defendant Svein H. Dyrolbotn is a citizen of Florida.

4896-0519-0642, v. 2

10. Defendant Patricia A. Shively is a citizen of Florida.

11. Defendant Patricia A. Shively, as Trustee of the Irrevocable Trust of Patricia A. Shively u/a/d October 26, 2010, is a citizen of Florida.

## Jurisdiction and Venue

12. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties in interest are citizens of different states.

13. For diversity jurisdiction purposes, a limited liability company is considered a citizen of each state of which a member is a citizen.

14. As set forth above, the Plaintiffs' citizenship is Georgia for diversity jurisdiction purposes. The Defendants' citizenship is Florida for diversity jurisdiction purposes.

15. Complete diversity exists between the Plaintiff and the Defendants.

16. This Court has personal jurisdiction over the Defendants because they are citizens of Florida for jurisdictional purposes. Additionally, the Defendants regularly operate, conduct, engage in, and carry on business ventures in Florida.

17. Venue in this Court is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims in this Complaint occurred in this District. In addition, venue in this Court is appropriate as the Guaranty Agreements (defined below) expressly provide that the state and federal

courts of Florida shall be the appropriate venue for any litigation arising under such agreements.

## Loan Background

18.     Defendant CP Holdings Consolidated VII, LLC ("**CPHC VII**" or the "**Borrower**") is part of a mixed-use development in Gainesville, Florida called Celebration Pointe (the "**Development**").

19.     On July 28, 2023, Borrower, together with additional borrowers who are not defendants in this case,[1] entered into a Master Credit Facility Agreement with Plaintiffs Synartis Income Fund, LLC and Catalyst Synartis CP Master 4A-2023, LLC, as lenders (collectively, the "**Lenders**"), which provided for a mezzanine credit facility with potential availability up to $30,000,000.00 (the "**Credit Facility**"). A copy of the Master Credit Facility Agreement is attached as **Exhibit A** to this Complaint.

20.     Also on July 28, 2023, to evidence the Borrower's first draw on the Credit Facility and its repayment obligation, as contemplated under the Credit Facility, the Borrower, as co-borrower, executed and delivered to Plaintiff Catalyst Synartis CP Master 4A-2023, LLC a Secured Promissory Note in the original

---

[1] On March 14, 2024, co-borrowers Celebration Pointe Holdings, LLC, Celebration Pointe Holdings II, LLC, and SHD-Celebration Pointe, LLC filed Chapter 11 bankruptcy petitions commencing Chapter 11 bankruptcy proceedings in the United States Bankruptcy Court for the Northern District of Florida, Case Nos. 24-bk-10056-KKS, 24-bk-10057-KKS, and 24-bk-10058-KKS. The Plaintiffs are not seeking any relief in this case against Celebration Pointe Holdings, LLC, Celebration Pointe Holdings II, LLC, or any other entity that is currently in a bankruptcy proceeding. None of the Defendants are debtors in a bankruptcy case. Nothing in this action is intended or should be construed as intending to violate the automatic stay of those non-parties under 11 U.S.C. § 362.

principal amount of $12,100,000.00 (the "**Note**"). A copy of the Secured Promissory Note is attached as **Exhibit B** to this Complaint.

21.     To secure repayment of the Note, Defendant Patricia A. Shively ("**Shively**") executed and delivered to Plaintiff a Guaranty (the "**Shively Guaranty**"), in which Shively agreed, among other things, to be liable to repay the Borrower's obligations under the Note. A copy of the Shively Guaranty is attached as **Exhibit C** to the Complaint.

22.     The Shively Guaranty is absolute, unconditional, irrevocable, continuing, unlimited, and represents a guaranty of payment of the obligations under the Note.

23.     To further secure repayment of the Note, Defendant Patricia A. Shively, as Trustee of the Irrevocable Trust of Patricia A. Shively u/a/d October 26, 2010 (the "**Shively Trust**") executed and delivered to Plaintiff a Guaranty (the "**Shively Trust Guaranty**"), in which the Shively Trust agreed, among other things, to be liable to repay the Borrower's obligations under the Note. A copy of the Shively Trust Guaranty is attached as **Exhibit D** to the Complaint.

24.     The Shively Trust Guaranty is absolute, unconditional, irrevocable, continuing, unlimited, and represents a guaranty of payment of the obligations under the Note.

25.     To further secure repayment of the Note, Svein H. Dyrkolbotn ("**Dyrkolbotn**," and together with Shively and the Shively Trust, the "**Guarantors**")

executed and delivered to Plaintiff a Guaranty (the "**Dyrkolbotn Guaranty**," and together with the Shively Guaranty and the Shively Trust Guaranty, the "**Guaranty Agreements**"), in which Dyrkolbotn agreed, among other things, to be liable to repay the Borrower's obligations under the Note. A copy of the Dyrkolbotn Guaranty is attached as **Exhibit E** to the Complaint.

26. The Dyrkolbotn Guaranty is absolute, unconditional, irrevocable, continuing, unlimited, and represents a guaranty of payment of the obligations under the Note.

27. In addition to the Master Credit Facility Agreement, the Note, and the Guaranty Agreements, the Loan is also evidenced by the following additional agreements, instruments, and documents (together with the Master Credit Facility Agreement, the Note, and the Guaranty Agreements, the "**Loan Documents**"):

1. Pledge Agreement dated July 28, 2023, by Shively and SHD-Celebration Pointe, LLC to Plaintiff (the "**Shively-SHD Pledge Agreement**");

2. Pledge Agreement dated July 28, 2023, by Dyrkolbotn to Plaintiff (the "**Dyrkolbotn Pledge Agreement**");

3. Corrective Mortgage, Assignment of Leases and Rents, Fixture Filing and Security Agreement, dated July 28, 2023, by Celebration Pointe Holdings, LLC; Celebration Pointe Office Partners III, LLC; SDPS Real Estate Investments, LLC; SDPS Real Estate Investments III, LLC;

    SDPS Real Estate Investments V, LLC; SDPS Real Estate Investments VI, LLC; SDPS Real Estate Investments VII, LLC; SDPS Real Estate Investments VIII, LLC; The Shops at Celebration Pointe, LLC; and The Vue at Celebration Pointe, LLC (the "**Mortgage**");

  4. Asset Loan Monitoring and Audit Agreement entered into on July 28, 2024, between Plaintiff Synartis Capital Management, LLC and Borrower (the "**Asset Monitor Agreement**"), a copy of which is attached as **Exhibit F** to this Complaint; and

  5. Such other documents, instruments, papers, and agreements made or executed for the purpose of evidencing or memorializing the Loan.

  28. All documentary stamps and/or intangible taxes due on the Loan have been paid in full.

  29. Plaintiffs are the owner of the Loan and holder of the Master Credit Facility Agreement, the Note, the Guaranty Agreements, and the other Loan Documents.

  30. Under the terms of the Master Credit Facility and the Note, the entire indebtedness advanced by the Lenders to the Borrower under the Master Credit Facility Agreement, the Note and all accrued and unpaid interest, unpaid charges, fees, and expenses were to become due and payable in full on September 1, 2026 (the "**Maturity Date**").

31. The obligations of the Borrower under the Master Credit Facility Agreement and Note are joint and several obligations of the non-party borrowers.

### Defaults under the Loan

32. In obtaining the Loan, the Borrower represented that the proceeds of the Master Credit Facility were intended to be used to fund development and construction expenses for The Vue residential townhome construction project, Urban Flats and The Vista Apartments projects, and Buildings 100/300 + Buildings 800/900 retail mixed used development subproject of Celebration Pointe.

33. However, upon information and belief, instead of using the Loan proceeds to fund budgeted development expenses, the Borrower and Mr. Dyrkolbotn misused the majority of the Loan proceeds to pay other lenders on affiliate-entity projects, other operating costs of other affiliate entities, and fees to entities owned or controlled by Mr. Dyrkolbotn.

34. On March 14, 2024, affiliates of the Borrower, Celebration Pointe Holdings, LLC ("**CPH**"), Celebration Pointe Holdings II, LLC ("**CPH II**"), and SHD-Celebration Pointe, LLC ("**SHD**") filed voluntary petitions under Chapter 11 of the Bankruptcy Code.[2]

35. CPH and CPH II are co-borrowers on the Loan with Borrower CPHC VII.

---

[2] "Bankruptcy Code" refers to 11 U.S.C. § 101 *et seq.*

4896-0519-0642, v. 2

36. Through this action, the Plaintiffs do not seek any relief against CPH and CPH II, and only seek relief against Borrower CPHC VII and the Guarantors, which are not debtors in any bankruptcy proceedings.

37. The Borrower has failed to comply with all of the terms and obligations imposed upon it under the Loan Documents.

38. The Lenders have not received payment of any monthly installment of interest since March 1, 2024.

39. The Borrower is in default under the Note.

40. Specifically, the Borrower is in default for, among other reasons:

   a. failing to pay the April 1, 2024, May 1, 2024, and each subsequent monthly installments of interest as and when due under the Note (the "**Interest Payment Defaults**"), and

   b. the filing of a voluntary petition in bankruptcy by co-borrowers CPH and CPH II (the "**Bankruptcy Default**" and together with the Interest Payment Defaults, collectively, the "**Events of Default**").

41. Additionally, the Borrower has defaulted on the Asset Monitor Agreement with Plaintiff Synartis Capital Management, LLC, for among other reasons, failing to pay the monthly asset monitoring fee required by Section 3 of the Asset Monitoring Agreement, due April 1, 2024, and each month thereafter.

42. On July 3, 2024, the Plaintiffs delivered a notice of default letter to the Borrower and the Guarantors listing the events of default (the "**Default Letter**").

4896-0519-0642, v. 2

43. The Default Letter advised the Borrower and the Guarantors that the Plaintiffs (i) were accelerating the Loan as permitted by the Loan Documents, (ii) were making a demand on the Borrower for payment of all outstanding amounts due and owing under the Loan Documents (the "**Loan Obligations**") on or before July 15, 2024, and (iii) would be exercising any and all remedies available under the Loan Documents or otherwise available as to the Events of Default.

44. The Default Letter also advised the Guarantors that all sums due and owing under the Guaranty Agreements (the "**Guaranteed Obligations**") were immediately due and payable and made a demand on the Guarantors for payment of the Guaranteed Obligations on or before July 15, 2024.

45. To date, neither the Borrower nor the Guarantors have made any payments to the Lenders in response to the Default Letters.

46. The amount due and owing on the Loan as of September 30, 2024, was $13,353,694.44, consisting of $12,100,000.00 of principal and $1,253,694.44 of accrued and unpaid interest, but exclusive of all unpaid charges, fees, attorneys' fees, and expenses of Plaintiffs under the Master Credit Facility Agreement and Note.

47. Interest is accruing daily on the unpaid principal balance at the rate of $6,722.22 per day.

48. Pursuant to Section 12.4 of the Master Credit Facility Agreement and Section 9 of the Note, the Borrower is obligated to pay Plaintiffs' reasonable attorneys' fees, costs, and expenses, including those incurred arising out of the

collection or enforcement of the Note, arising out of or in connection with any bankruptcy or reorganization affecting Plaintiffs' rights and involving a claim under the Note, and arising from any suit, action, or other proceeding to enforce payment of any and all amounts owing by Borrower and the Guarantors.

49. Under each of the Guaranty Agreements, the Guarantors each guaranteed the Borrower's obligation to pay the Plaintiffs' attorneys' fees and costs due under Section 12.4 of the Master Credit Facility Agreement and Section 9 of the Note.

50. Additionally, pursuant to Section 3(c) of each of the Guaranty Agreements, the Guarantors each agreed to pay all costs and expenses, including fees and out-of-pocket expenses of attorneys and expert witnesses, incurred by the Lenders in enforcing their rights under the Guaranty Agreements.

51. Accordingly, Plaintiffs are entitled to recover reasonable attorneys' fees and costs incurred prior to and in connection with this action.

52. Plaintiffs expressly reserve the right to pursue any and all additional rights and remedies permitted under the Loan Documents, including but not limited to, foreclosure of the Mortgage and/or rights in connection with the Shively-SHD Pledge Agreement and the Dyrkolbotn Pledge Agreement.

## COUNT I

**Breach of Promissory Note**
*(Against CP Holdings Consolidated VII, LLC)*

53. Plaintiffs reallege and reincorporate by reference the allegations set forth in paragraphs 1 through 52 above as though fully set forth herein.

54. This is an action to collect the balance due and owing on the Note and the Loan Documents.

55. The Borrower executed the Note, and the Loan Obligations are due and owing to Plaintiffs.

56. Plaintiff Catalyst Synartis CP Master 4A-2023, LLC currently owns and holds the Note.

57. The Borrower defaulted under the Note as evidenced by the Events of Default.

58. Plaintiff has sustained damages as a result of the Borrower's default under the Note.

**WHEREFORE**, Plaintiffs demand judgment against CP Holdings Consolidated VII, LLC for all amounts due and owing under the Note, jointly and severally with the Guarantors, together with all accrued interest, fees, costs, expenses, including reasonable attorneys' fees, and all other amounts due and payable under the Note, and for any other relief the Court deems just and proper.

## COUNT II

### Breach of Contract – Master Credit Facility Agreement
*(Against CP Holdings Consolidated VII, LLC)*

59. Plaintiffs reallege and reincorporate by reference the allegations set forth in paragraphs 1 through 52 above as though fully set forth herein.

60. This is an action for breach of contract under the Master Credit Facility Agreement.

61. Plaintiffs Synartis Income Fund, LLC and Catalyst Synartis CP Master 4A-2023, LLC and Defendant CPHC VII are parties to the Master Credit Facility Agreement.

62. The Borrower executed the Master Credit Facility Agreement, and the Master Credit Facility Agreement is a valid contract between the Borrower, Synartis Income Fund, LLC, and Catalyst Synartis CP Master 4A-2023, LLC.

63. The Borrower materially breached the Master Credit Facility Agreement by, among other reasons, failing to pay the monthly interest payments due on the Loan as required by Section 2.3 of the Master Credit Facility Agreement, for the month of April 2024 and each month thereafter.

64. Plaintiffs have sustained damages as a result of the Borrower's breach of the Master Credit Facility Agreement.

**WHEREFORE**, Plaintiffs demand judgment against CP Holdings Consolidated VII, LLC for all damages stained as a result of Borrower's breach of

the Master Credit Facility Agreement, jointly and severally with the Guarantors, together with all accrued interest, fees, costs, expenses, including reasonable attorneys' fees, and all other amounts due and payable under the Master Credit Facility Agreement, and for any other relief the Court deems just and proper.

## COUNT III

### Breach of Contract – Asset Monitoring Agreement
*(Against CP Holdings Consolidated VII, LLC)*

65. Plaintiffs reallege and reincorporate by reference the allegations set forth in paragraphs 1 through 52 above as though fully set forth herein.

66. This is an action for breach of contract under the Asset Monitoring Agreement.

67. Plaintiffs Synartis Capital Management, LLC and Defendant CPHC VII are parties to the Asset Monitoring Agreement.

68. The Borrower executed the Asset Monitoring Agreement, and the Asset Monitoring Agreement is a valid contract between the Borrower and Synartis Capital Management, LLC.

69. The Borrower materially breached the Asset Monitoring Agreement by, among other reasons, failing to pay the Asset Monitoring Fee for the month of April 2024 and each month thereafter, which was required to be added to and payable contemporaneously with the payments required under the Master Credit Facility Agreement and the Note.

4896-0519-0642, v. 2

70. Plaintiffs have sustained damages as a result of the Borrower's breach of the Asset Monitoring Agreement.

**WHEREFORE**, Plaintiff Synartis Capital Management, LLC demands judgment against CP Holdings Consolidated VII, LLC for all damages stained as a result of Borrower's breach of the Asset Monitoring Agreement, jointly and severally with the Guarantors, together with all accrued interest, fees, costs, expenses, including reasonable attorneys' fees, and all other amounts due and payable under the Asset Monitoring Agreement, and for any other relief the Court deems just and proper.

## COUNT IV

### Breach of Guaranty Agreement
*(Against Patricia A. Shively)*

71. The Plaintiff realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 52 above as though fully set forth herein.

72. Defendant Shively executed the Shively Guaranty whereby Defendant Shively agreed, among other things, to be liable to repay the Borrower's obligations under the Note upon default.

73. The Shively Guaranty is a valid contract.

74. Plaintiff currently holds and is entitled to enforce the Shively Guaranty.

75. Defendant Shively breached the Shively Guaranty by, among other things, failing to pay the Guaranteed Obligations to Plaintiff following demand by Plaintiff.

76. Defendant Shively has failed to make any payments to Plaintiff on account of the Shively Guaranty.

77. Plaintiff has sustained damages as a result of Defendant Shively's breach of the Shively Guaranty.

**WHEREFORE**, Plaintiff demands judgment against Patricia A. Shively for all amounts due and owing under the Shively Guaranty, jointly and severally with the other Defendants, together with all accrued interest, fees, costs, expenses, including reasonable attorneys' fees, and all other amounts due and payable under the Shively Guaranty, and for any other relief the Court deems just and proper.

## COUNT V

**Breach of Guaranty Agreement**
*(Against Patricia A. Shively, as Trustee of the Irrevocable Trust of Patricia A. Shively u/a/d October 26, 2010)*

78. The Plaintiff realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 52 above as though fully set forth herein.

79. Defendant the Shively Trust executed the Shively Trust Guaranty whereby Defendant the Shively Trust agreed, among other things, to be liable to repay the Borrowers' obligations under the Note upon default.

80. The Shively Trust Guaranty is a valid contract.

81. Plaintiff currently holds and is entitled to enforce the Shively Trust Guaranty.

82. Defendant the Shively Trust breached the Shively Trust Guaranty by, among other things, failing to pay the Guaranteed Obligations to Plaintiff following demand by Plaintiff.

83. Defendant the Shively Trust has failed to make any payments to Plaintiff on account of the Shively Trust Guaranty.

84. Plaintiff has sustained damages as a result of Defendant the Shively Trust's breach of the Shively Trust Guaranty.

**WHEREFORE**, Plaintiff demands judgment against Patricia A. Shively, as Trustee of the Irrevocable Trust of Patricia A. Shively u/a/d October 26, 2010 for all amounts due and owing under the Shively Trust Guaranty, jointly and severally with the other Defendants, together with all accrued interest, fees, costs, expenses, including reasonable attorneys' fees, and all other amounts due and payable under the Shively Trust Guaranty, and for any other relief the Court deems just and proper.

## COUNT VI

**Breach of Guaranty Agreement**
*Against Svein H. Dyrkolbotn*

85. The Plaintiff realleges and reincorporates by reference the allegations set forth in paragraphs 1 through 52 above as though fully set forth herein.

4896-0519-0642, v. 2

86. Defendant Dyrkolbotn executed the Dyrkolbotn Guaranty whereby Defendant Dyrkolbotn agreed, among other things, to be liable to repay the Borrowers' obligations under the Note upon default.

87. The Dyrkolbotn Guaranty is a valid contract.

88. Plaintiff currently holds and is entitled to enforce the Dyrkolbotn Guaranty.

89. Defendant Dyrkolbotn has breched the Dyrkolbotn Guaranty by, among other things, failing to pay the Guaranteed Obligations to Plaintiff following demand by Plaintiff.

90. Defendant Dyrkolbotn has failed to make any payments to Plaintiff on account of the Dyrkolbotn Guaranty.

91. Plaintiff has sustained damages as a result of Defendant Dyrkolbotn's breach of the Dyrkolbotn Guaranty.

**WHEREFORE**, Plaintiff demands judgment against Svein H. Dyrkolbotn for all amounts due and owing under the Dyrkolbotn Guaranty, jointly and severally with the other Defendants, together with all accrued interest, fees, costs, expenses, including reasonable attorneys' fees, and all other amounts due and payable under the Dyrkolbotn Guaranty, and for any other relief the Court deems just and proper.

4896-0519-0642, v. 2

## RESERVATION OF RIGHTS

Plaintiff reserves the right to further amend this Complaint upon completion of further investigation and discovery in order to assert any additional claims for relief against any Defendant or other potential defendants as may be warranted under the circumstances and applicable law.

DATED: October 25, 2024

/s/ Matthew B. Hale
Matthew B. Hale (FBN 0110600)
**STICHTER, RIEDEL, BLAIN & POSTLER, P.A.**
110 East Madison Street, Suite 200
Tampa, Florida 33602
(813) 229-0144
mhale@srbp.com
Attorney for Plaintiff