UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SYNARTIS INCOME FUND, LLC; CATALYST
SYNARTIS CP MASTER 4A-2023, LLC; and
SYNARTIS CAPITAL MANAGEMENT, LLC,

    Plaintiffs,

v.                                                    Case No. 1:24-cv-187-AW-MAF

CP HOLDINGS CONSOLIDATED VII, LLC;
PATRICIA A. SHIVELY, individually;
PATRICIA A. SHIVELY, as Trustee of the
Irrevocable Trust of Patricia A. Shively u/a/d
October 26, 2010; and SVEIN H. DYRKOLBOTN,
individually,

    Defendants.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants, PATRICIA A. SHIVELY, individually, and PATRICIA A. SHIVELY, as Trustee of the Irrevocable Trust of Patricia A. Shively u/a/d October 26, 2010 (collectively, the "Defendants"), by and through their undersigned counsel, hereby answer Plaintiffs' Complaint as follows:

### GENERAL ALLEGATIONS

### The Parties and Diversity Citizenship

    1.    Without knowledge.

    2.    Without knowledge.

    3.    Without knowledge.

4. Without knowledge.

5. Without knowledge.

6. Without knowledge.

7. Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted.

## Jurisdiction and Venue

12. Defendants admit that the amount in controversy exceeds $75,000.00 but is without knowledge as to the remaining allegations.

13. Calls for a legal conclusion; therefore, denied.

14. Calls for a legal conclusion; therefore, denied.

15. Calls for a legal conclusion; therefore, denied.

16. Calls for a legal conclusion; therefore, denied.

17. Admitted.

## Loan Background

18. Admitted.

19. Admitted.

20. Admitted.

21. The terms of the Shively Guaranty are self-evident. Admitted that Shively executed the Shively guaranty; otherwise denied.

22. The terms of the Shively Guaranty are self-evident. The remaining allegations are denied.

23. Admitted that the Shively Trust executed the Shively Trust Guaranty. The terms of the Shively Trust Guaranty are self-evident. The remaining allegations are denied.

24. The terms of the Shively Trust Guaranty are self-evident. The remaining allegations are denied.

25. Admitted that Dyrkolbotn executed the Dyrkolbotn Guaranty. The remaining allegations are denied.

26. The Dyrkolbotn Guaranty is self-evident. The remaining allegations are denied.

27. Shively lacks information regarding the specific documents that were executed; therefore, denied.

28. Without knowledge.

29. Without knowledge.

30. Without knowledge.

**Defaults under the Loan**

31. Without knowledge.

32. Without knowledge.

33. Without knowledge.

34. Admitted.

35. Without knowledge.

36. Without knowledge.

37. Without knowledge.

38. Without knowledge.

39. Without knowledge.

40. Without knowledge.

41. Without knowledge.

42. Admitted.

43. The Default Letter is self-evident.

44. The Default Letter is self-evident; the remaining allegations are denied.

45. Admitted.

46. Without knowledge.

47. Without knowledge.

48. Without knowledge.

49. Without knowledge.

50. Without knowledge.

51. Without knowledge.

52. Without knowledge.

## Count I – Breach of Promissory Note
## (Against CP Holdings Consolidated VII, LLC)

53. Defendants reallege their answers to Paragraphs 1 through 52 above as if fully set forth herein.

54. Plaintiff does not seek relief against Defendants in Count I of the Complaint. To the extent a response is required under the Federal Rules of Civil Procedure, Defendants restate their responses to the allegations Plaintiff incorporated into Count I and deny the remaining allegations.

55. Plaintiff does not seek relief against Defendants in Count I of the Complaint. To the extent a response is required under the Federal Rules of Civil Procedure, Defendants restate their responses to the allegations Plaintiff incorporated into Count I and deny the remaining allegations.

56. Plaintiff does not seek relief against Defendants in Count I of the Complaint. To the extent a response is required under the Federal Rules of Civil Procedure, Defendants restate their responses to the allegations Plaintiff incorporated into Count I and deny the remaining allegations.

57. Plaintiff does not seek relief against Defendants in Count I of the Complaint. To the extent a response is required under the Federal Rules of Civil Procedure, Defendants restate their responses to the allegations Plaintiff incorporated into Count I and deny the remaining allegations.

58. Plaintiff does not seek relief against Defendants in Count I of the Complaint. To the extent a response is required under the Federal Rules of Civil Procedure, Defendants restate their responses to the allegations Plaintiff incorporated into Count I and deny the remaining allegations.

**Count II – Breach of Contract – Master Credit Facility Agreement**
**(Against CP Holdings Consolidated VII, LLC)**

59. Defendants reallege their answers to Paragraphs 1 through 52 above as if fully set forth herein.

60. Plaintiff does not seek relief against Defendants in Count II of the Complaint. To the extent a response is required under the Federal Rules of Civil Procedure, Defendants restate their responses to the allegations Plaintiff incorporated into Count II and deny the remaining allegations.

61. Plaintiff does not seek relief against Defendants in Count II of the Complaint. To the extent a response is required under the Federal Rules of Civil Procedure, Defendants restate their responses to the allegations Plaintiff incorporated into Count II and deny the remaining allegations.

62. Plaintiff does not seek relief against Defendants in Count II of the Complaint. To the extent a response is required under the Federal Rules of Civil Procedure, Defendants restate their responses to the allegations Plaintiff incorporated into Count II and deny the remaining allegations.

63. Plaintiff does not seek relief against Defendants in Count II of the Complaint. To the extent a response is required under the Federal Rules of Civil Procedure, Defendants restate their responses to the allegations Plaintiff incorporated into Count II and deny the remaining allegations.

64. Plaintiff does not seek relief against Defendants in Count II of the Complaint. To the extent a response is required under the Federal Rules of Civil Procedure, Defendants restate their responses to the allegations Plaintiff incorporated into Count II and deny the remaining allegations.

**Count III – Breach of Contract – Asset Monitoring Agreement**
**(Against CP Holdings Consolidated VII, LLC)**

65. Defendants reallege their answers to Paragraphs 1 through 52 above as if fully set forth herein.

66. Plaintiff does not seek relief against Defendants in Count III of the Complaint. To the extent a response is required under the Federal Rules of Civil Procedure, Defendants restate their responses to the allegations Plaintiff incorporated into Count III and deny the remaining allegations.

67. Plaintiff does not seek relief against Defendants in Count III of the Complaint. To the extent a response is required under the Federal Rules of Civil Procedure, Defendants restate their responses to the allegations Plaintiff incorporated into Count III and deny the remaining allegations.

68. Plaintiff does not seek relief against Defendants in Count III of the Complaint. To the extent a response is required under the Federal Rules of Civil Procedure, Defendants restate their responses to the allegations Plaintiff incorporated into Count III and deny the remaining allegations.

69. Plaintiff does not seek relief against Defendants in Count III of the Complaint. To the extent a response is required under the Federal Rules of Civil Procedure, Defendants restate their responses to the allegations Plaintiff incorporated into Count III and deny the remaining allegations.

70. Plaintiff does not seek relief against Defendants in Count III of the Complaint. To the extent a response is required under the Federal Rules of Civil Procedure, Defendants restate their responses to the allegations Plaintiff incorporated into Count III and deny the remaining allegations.

**Count IV – Breach of Guaranty Agreement**
**(Against Patricia A. Shively)**

71. Defendants reallege their answers to Paragraphs 1 through 52 above as if fully set forth herein.

72. Admitted that Shively executed the Shively Guaranty; otherwise denied.

73. Calls for a legal conclusion; therefore, denied.

74. Without knowledge.

75. Denied.

76. Admitted.

77. Without knowledge.

## Count V – Breach of Guaranty Agreement
### (Against Patricia A. Shively, as Trustee of the Irrevocable Trust of Patricia A. Shively u/a/d October 26, 2010)

78. Defendants reallege their answers to Paragraphs 1 through 52 above as if fully set forth herein.

79. Admitted that the Shively Trust executed the Shively Guaranty; otherwise denied.

80. Calls for a legal conclusion; therefore, denied.

81. Without knowledge.

82. Denied.

83. Denied.

84. Without knowledge.

## Count VI – Breach of Guaranty Agreement
### (Against Svein H. Dyrkolbotn)

85. Defendants reallege their answers to Paragraphs 1 through 52 above as if fully set forth herein.

86. Plaintiff does not seek relief against Defendants in Count VI of the Complaint. To the extent a response is required under the Federal Rules of Civil Procedure, Defendants restate their responses to the allegations Plaintiff incorporated into Count VI and deny the remaining allegations.

87. Plaintiff does not seek relief against Defendants in Count VI of the Complaint. To the extent a response is required under the Federal Rules of Civil Procedure, Defendants restate their responses to the allegations Plaintiff incorporated into Count VI and deny the remaining allegations.

88. Plaintiff does not seek relief against Defendants in Count VI of the Complaint. To the extent a response is required under the Federal Rules of Civil Procedure, Defendants restate their responses to the allegations Plaintiff incorporated into Count VI and deny the remaining allegations.

89. Plaintiff does not seek relief against Defendants in Count VI of the Complaint. To the extent a response is required under the Federal Rules of Civil Procedure, Defendants restate their responses to the allegations Plaintiff incorporated into Count VI and deny the remaining allegations.

90. Plaintiff does not seek relief against Defendants in Count VI of the Complaint. To the extent a response is required under the Federal Rules of Civil Procedure, Defendants restate their responses to the allegations Plaintiff incorporated into Count VI and deny the remaining allegations.

91. Plaintiff does not seek relief against Defendants in Count VI of the Complaint. To the extent a response is required under the Federal Rules of Civil Procedure, Defendants restate their responses to the allegations Plaintiff incorporated into Count VI and deny the remaining allegations.

## AFFIRMATIVE DEFENSES

**1st Affirmative Defense: Failure to Pursue Primary Borrowers**. Defendants assert as an affirmative defense that Plaintiff has failed to first seek to collect the debt from two of the primary borrowers: Celebration Pointe Holdings, LLC; and Celebration Pointe Holdings II, LLC. Plaintiff has sought no relief against those borrowers, either under the promissory note, mortgage, or other security instruments referenced in the loan documents. To the extent the terms in the Guaranty purport to waive this obligation, the implied covenants of good faith and fair dealing nevertheless impose this obligation on Plaintiff under the circumstances.

**2nd Affirmative Defense: Failure to Mitigate Damages**. Defendants assert as an affirmative defense that Plaintiff failed to mitigate its damages. The principal borrowers pledged assets to Plaintiff as security for the borrowers' obligations under the loan. Plaintiff failed to mitigate its damages by pursuing its enforcement remedies against the collateral before filing this action against Defendant. To the extent the terms in the Guaranty purport to waive this obligation, the implied covenants of good faith and fair dealing nevertheless impose this obligation on Plaintiff under the circumstances.

**3rd Affirmative Defense: Setoff.** Defendants assert as an affirmative defense that Plaintiff is entitled to a setoff against the debt based on the value of the assets pledged to Plaintiff as security for the loan. Plaintiff is not entitled to a money

judgment against Defendants until after the Court determines the value of any assets that have been forfeited under the loan documents between Plaintiff and the primary borrowers, or otherwise paid to Plaintiff and applied to reduce the debt. To the extent the terms in the Guaranty purport to waive this obligation, the implied covenants of good faith and fair dealing nevertheless impose this obligation on Plaintiff under the circumstances.

**4th Affirmative Defense: Failure to Attach Original Promissory Note**. Defendants assert as an affirmative defense that the original Promissory Note was not attached to the Complaint. Even if all allegations are true, Plaintiff is not entitled to a judgment on the Promissory Note or the Guaranty unless it produces the original documents to the Court to demonstrate Plaintiff is the owner and holder of the Promissory Note.

**5th Affirmative Defense: Loan Modification or Reinstatement**.

5.1. Defendants assert as an affirmative defense that Plaintiff is not entitled to recover from Defendants more than the amount the borrowers referenced in the Guaranty is obligated to pay Plaintiff.

5.2 The borrowers whose obligations are subject to the Guaranty are: CP Holdings Consolidated VII, LLC, who is a party to this action; Celebration Pointe Holdings, LLC, who is not a party to this action; and Celebration Pointe Holdings II, LLC, who is not a party to this action. Guaranty, Recitals ¶ A. The two borrowers

who are not parties in this action are debtors in Chapter 11 bankruptcy proceedings currently pending in *In re: Celebration Pointe Holdings, LLC*, Case No. 24-10056-KKS, United States Bankruptcy Court, Northern District of Florida; and *In re Celebration Pointe Holdings, LLC*, Case No. 24-10057-KSS, United States Bankruptcy Court, Northern District of Florida.

      5.3    Under the Guaranty, Defendants guaranteed to Plaintiff payment and performance of the borrowers' debt to Plaintiff, as the debt obligations are modified after the date of the Guaranty.

      5.4    Defendant's obligations to Plaintiff spring out of and mirror the borrowers' obligations to Plaintiff.

      5.5    To the extent the bankruptcy proceedings result in an approved plan of reorganization which does not discharge the borrowers' debt to Plaintiff, Plaintiff should not be entitled to judgment against Defendants in this action.

      5.6    To the extent the bankruptcy proceedings result in a plan of reorganization that modifies the repayment terms of the modified debt, but not a discharge of the debt, the obligations guaranteed by Defendants under the Guaranty will automatically be modified, and Plaintiff should not be entitled to judgment against Defendants in this action.

DATED: December 30, 2024.

> /s/ Edward J. Peterson
> Edward J. Peterson (FBN 014612)
> Johnson Pope Bokor Ruppel & Burns, LLP
> 400 N. Ashley Drive, Suite 3100
> Tampa, Florida 33602
> Telephone: (813) 225-2500
> Email: edwardp@jpfirm.com
> Attorneys for Patricia Shively

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished on December 30, 2024, by the Court's CM/ECF electronic noticing system to all parties receiving electronic noticing

> /s/ Edward J. Peterson
> Edward J. Peterson (FBN 014612)