IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SYNARTIS INCOME FUND, LLC, et al.,

    Plaintiffs,

v.                                                            Case No. 1:24-cv-00187-AW-MAF

CP HOLDINGS CONSOLIDATED, VII,
LLC, et al.,

    Defendants.
_____/

## JOINT RULE 26(f) CONFERENCE REPORT AND DISCOVERY PLAN

Pursuant to Federal Rule of Civil Procedure 26(f), on June 3, 2025, at 11:00 a.m., via video conference, and further on June 9, 2025, at 2:00 p.m. via video conference, the following parties to this action met and conferred on the topics outlined in this report and discovery plan:

    a. Matthew B. Hale, Esq., counsel for Plaintiffs

    b. Ginger Boyd, Esq. and Robert Lindholm, Esq., counsel for Defendants Patricia A. Shively and Patricia A. Shively, as Trustee of the Patricia A. Shively Revocable Living Trust U/A dated June 30, 1998, as amended[1] (the "Shively Defendants")

---

[1] The Shively Defendants submit that this is the correct name of the Trust and that the complaint incorrectly identifies the name of the Trust as do the loan documents.

1

c.  James M. Durant, Jr., Esq., counsel for Svein H. Dyrkolbotn ("Dykolbotn")

1. **Description of the Action**.

    a. The Plaintiffs assert claims against the remaining Defendants based on guaranty agreements executed in connection with a commercial loan. Plaintiffs allege the amount due under the guaranty agreements is in excess of $13,353,694.44. A clerk's default was entered against Defendant CP Holdings Consolidated VII, LLC.

    b. The Shively Defendants have asserted defenses based on failure to pursue primary borrowers, failure to mitigate damages, setoff, and failure to attach original promissory note. The Shively Defendants intend to amend these affirmative defenses to raise additional issues related to the enforceability of the loan documents as to the Shively Defendants.

    c. Defendant Dykolbotn asserts defenses based on failure to pursue primary borrowers, failure to mitigate damages, setoff, failure to attach original promissory note, and a defense related to any modification or reinstatement of the principal debtor's debt obligation through the debtor's bankruptcy action.

2. **Disclosure Statement**. The parties have filed their disclosure statements as required by Fed. R. Civ. P. 7.1.

4934-7791-8284, v. 3
4919-3436-0396 v.2

3. **Related Actions**. This action is one of six (6) related actions pending before this Court. Plaintiffs filed a Notice of a Prior or Similar Case with this Court. (Doc. 14). The parties have discuss consolidating these six actions for purposes of scheduling and discovery.

4. **Consent to Magistrate Judge Jurisdiction**. The parties have conferred on the issue of whether they consent to have a magistrate judge preside over their entire case, pursuant to Fla. N.D. Loc. R. 73.1 and Fed. R. Civ. P. 26(f).

5. **Any issues about claims of privilege or of protection as trial preparation materials, including – if the parties agree on a procedure to assert these claims after production – whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502**. The parties have considered and discussed privilege, confidentiality, and work product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

6. **Anticipated Discovery**. The parties jointly propose to the Court discovery on the following topics:

   a. The outstanding amounts due on the loans subject to the guaranty agreements;

   b. The terms of the guaranty agreements;

   c. The Shively Defendants' and Dyrkolbotn's liability on account of the guaranty agreements, if any; and,

3

d. The circumstances under which the loans were entered into.

7. **Discovery Limits**. The parties jointly propose that discovery shall not be limited beyond any limits contained in the Federal Rules of Civil Procedure.

8. **Deadlines and Dates**. At the Rule 26(f) conference, counsel for the Shively Defendants stated that they intend to seek leave to amend their answer and affirmative defenses, and potentially assert counterclaims against Plaintiffs. At this time, Plaintiffs would object to the amendment of the Shively Defendants' pleadings. Accordingly, the parties have proposed the below schedule based on the pleadings as currently filed. However, in the event the Court grants the Shively Defendants' motion to amend their pleadings, the parties agree that an extended discovery period and trial schedule would be needed. For this reason, if the Court grants the Shively Defendants leave to amend, the parties anticipate requesting that the Court either adopt a new trial schedule or set a case management conference to discuss the trial schedule.

At this time, and pursuant to the above caveats, the parties request the following deadlines and dates, pursuant to FRCP 16(b)(3)(A) and the Court's Initial Scheduling Order:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | June 30, 2025 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 15, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a) | June 30, 2025 |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B) | August 15, 2025 |
| Deadline for completing discovery | October 27, 2025 |
| Deadline to file motion to compel discovery | September 26, 2025 |
| Deadline for participation in mediation | November 5, 2025 |
| Deadline for filing a motion for summary judgment | November 17, 2025 |
| Deadline for filing the joint pretrial statement and any motion in limine | December 2, 2025 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e). | December 16, 2025 |
| Trial term (per Initial Scheduling Order) | February 11, 2026 |

**Signatures:**

*/s/ Matthew B. Hale*
Matthew B. Hale (FBN 0110600)
**STICHTER, RIEDEL, BLAIN & POSTLER, P.A.**
110 East Madison Street, Suite 200
Tampa, Florida 33602
(813) 229-0144
mhale@srbp.com
Attorney for Plaintiffs

/s/ *Ginger Barry Boyd*
Ginger Barry Boyd (FBN 0294550)
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
215 South Monroe Street, Suite 400
Tallahassee, Florida 32301
(850) 907-2556
Ginger.boyd@nelsonmullins.com
Attorney for Shively Defendants

4934-7791-8284, v. 3
4919-3436-0396 v.2

*/s/ James M. Durant, Jr.*
James M. Durant Jr. (FBN 673242)
BERGER SINGERMAN LLP
313 North Monroe Street, Suite 301
Tallahassee, FL 32301
(850) 561-3010
jdurant@bergersingerman.com
Attorney for Svein Dyrkolbotn

## **CERTIFICATE OF SERVICE**

I certify that a copy of the foregoing document has been filed on June 10, 2025, via CM/ECF, which will serve the document on all parties receiving electronic noticing.

                                         */s/ Matthew B. Hale*
                                         Matthew B. Hale (FBN 110600)

4934-7791-8284, v. 3
4919-3436-0396 v.2