IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SYNARTIS INCOME FUND, LLC, et al.,

    Plaintiffs,

v.                                           Case No. 1:24-cv-00187-AW-MAF

CP HOLDINGS CONSOLIDATED, VII,
LLC, et al.,

    Defendants.
_____/

### DECLARATION OF CHRIS JOHNSTON IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE SETTLEMENT AND FOR ENTRY OF FINAL JUDGMENTS AGAINST DEFENDANTS, JOINTLY AND SEVERALLY

I, Chris Johnston, declare as follows:

1. I am a Manager and authorized representative of the Plaintiffs in this action.

2. I am over 18 years old.

3. Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

4. This Declaration is submitted in support of the *Plaintiffs' Motion to Enforce Settlement and for Entry of Final Judgments Against Defendants, Jointly and Severally* filed in the above-captioned case.

5. On March 14, 2024, well before the Plaintiffs filed the Complaint, certain affiliates of the Borrowers filed chapter 11 bankruptcy petitions with the United States Bankruptcy Court for the Middle District of Florida, Gainesville Division: Celebration Pointe Holdings, LLC ("**CPH**") (Case No. 24-bk-10056-KKS); Celebration Pointe Holdings II, LLC ("**CPH II**") (Case No. 24-bk-10057-KKS); and SHD-Celebration Pointe, LLC ("**SHD**") (Case No. 24-10058-KKS) (collectively, the "**Chapter 11 Cases**"). CPH, CPH II, and SHD, may be collectively referred to as the "**Chapter 11 Debtors**." The Chapter 11 Cases remain pending and no chapter 11 plan has been confirmed.

6. The above-captioned action is based on a Master Credit Facility Agreement entered into between Plaintiffs Synartis Income Fund, LLC and Catalyst Synartis CP Master 4A-2023 (collectively, the "**Lenders**"), on the one hand, and Defendant CP Holdings Consolidated VII, LLC ("**CPHC VII**" or "**Borrower**") and two of the Chapter 11 Debtors, CPH and CPH II, as additional borrowers, on the other hand.[1] The Master Credit Agreement provided for a mezzanine credit facility with potential availability up to $30,000,000 (the "**Credit Facility**"). The borrowers, however, only drew the first $12,100,000 on the Credit Facility, as evidenced by a Secured Promissory Note executed and delivered to Plaintiff Catalyst Synartis CP

---

[1] Neither CPH nor CPH II are defendants in this action, and the Plaintiffs seek no relief against the Chapter 11 Debtors in this case.

Master 4A-2023, LLC, which is in the original principal amount of $12,100,000 (the "**Credit Facility Note**"). Defendants Patricia A. Shively ("**Shively**") and Svein H. Dyrkolbotn ("**Dyrkolbotn**") each executed a guaranty in connection with the Credit Facility Note. Shively also executed a guaranty as Trustee of the Irrevocable Trust of Patricia A. Shively u/a/d/ October 26, 2010 (the "**Shively Trust**," and together with Shively, the "**Shively Parties**").

7. Since the filing of the Chapter 11 Cases, the Plaintiffs and their affiliate lenders (the "**Synartis Lenders**"[2]), worked with the Chapter 11 Debtors, SPE Obligors, Shively, and Dykolbotn to negotiate a consensual resolution and structured repayment terms for the Synartis Loans. At all times, the parties have acknowledged that any settlement with the Synartis Lenders would need to be funded by Shively, as guarantor of each of the Synartis Loans. This is because the Chapter 11 Debtors' assets are believed to be fully encumbered by liens senior to the Synartis Lenders' liens, and the other guarantor, Svein Dyrkolbotn, is believed to be not readily collectable.

8. Over the course of their settlement efforts, we reached agreement on settlement terms twice, only to see Shively—the funding source for each of the settlements—renege on her commitments. The first settlement was reached after the

---

[2] "Synartis Lenders" shall refer to, collectively, all of the plaintiffs in the six civil actions pending before this Court: Synartis Capital Management, LLC; Catalyst Synartis MF B Series MF 2A-2022, LLC; Catalyst Income Fund 2022-1A, LLC; Catalyst Synartis MF B Series Condo 3A-2023, LLC; Synartis Income Fund, LLC; and Catalyst Synartis CP Master 4A-2023, LLC.

parties attended mediation on August 14, 2024. Although the mediation concluded without a settlement, the parties continued to negotiate. Ultimately, in September 2024, the parties agreed on the principal terms of a settlement and restructured payment terms. However, in October 2024, the Shively Parties reneged on that settlement before it was finalized. This first failed round of settlement discussions resulted in the Plaintiffs and the other Synartis Lenders filing their lawsuits in this Court on October 24, 2024, seeking to enforce their rights against non-Chapter 11 Debtor obligors and guarantors of the Synartis Loans.

9. After the filing of the Synartis Actions, the Synartis Lenders objected to the Chapter 11 Debtors' disclosure statement in the Chapter 11 Cases and commenced propounding discovery on the Chapter 11 Debtors, Shively, and other parties on issues related to the Chapter 11 Debtors' plan of reorganization and disclosure statement. In the course of these efforts, the Synartis Lenders, the Defendants, and the Chapter 11 Debtors recommenced settlement discussions in earnest in January and February of 2025.

10. On February 6, 2025, the morning before a key hearing in the Chapter 11 Cases before Judge Specie, the parties agreed to the principal terms of a settlement to resolve all liability related to the Synartis Loans on a global basis.

11. Because the Synartis Lenders were unwilling to risk the agreement failing like the first negotiations, this time the settlement terms are documented in a

binding Settlement Term Sheet dated February 6, 2025 (the "**Settlement Term Sheet**"). A true and correct copy of the Settlement Term Sheet signed by all parties is attached as **<u>Exhibit A</u>** to this Declaration.

12. Among other provisions, the Settlement Term Sheet provides a right to payment to the Synartis Lenders from any sale proceeds received by Shively or the Shively Trust of their equity interests in Tower Hill Insurance Company and affiliate entities. The Settlement Term Sheet uses the term "Tower companies." The parties at all times understood that the term "Tower companies" refers to Tower Hill Insurance Group, LLC; Tower Hill Claims Service, LLC; Bluegrass Insurance Management, LLC; and any other affiliate of the foregoing entities in which the Shively Defendants have an equity interest.

13. In reliance on the binding Settlement Term Sheet, the Synartis Lenders incurred significant attorney's fees drafting the comprehensive settlement agreement, exhibits, and schedules.

14. As part of the settlement, the parties agreed on the total, global balance of the Synartis Loans as of the projected date of March 31, 2025. As settlement discussions progressed, the Defendants raised an issue regarding the calculation of the loan balances and inclusion of certain late fees as part of the loan balance of the Credit Facility Note, the loan that is the subject of this action. The parties agreed, under the settlement, to reduce the total balance by $87,500 in resolution of the

dispute. Applying the negotiated $87,500 reduction to the total balance set forth on the spreadsheet emailed January 17, 2025, resulted in a total settlement balance across all Synartis Loans of $42,782,390.66 as of March 31, 2025. There is a one-dollar difference between the $42,782,391.66 stated in the Settlement Term Sheet compared to the actual total of $42,782,390.66, which is the result of a scrivener's error.

15. After applying the $87,500 negotiated reduction to the Credit Facility Note, the loan-specific balance for the Credit Facility Note equals $14,489,638.89 as of March 31, 2025, exclusive of attorney's fees, costs, and continued accrual of non-default and default interest. Interest has accrued since April 1, 2025, at the rate of $6,722.22 per diem. In total, the per diem accrual from April 1, 2025, through June 30, 2025, equals an additional $605,000.00.

16. Attached as **Exhibit B** to this Declaration is a spreadsheet showing the calculation of the total settlement balance that served as the basis of the figure in the Settlement Term Sheet and separate balances for each of the Synartis Loans, including the loan that is the subject of this action. Under the settlement, interest continued to accrue.

17. Thus, the total amount due under the Settlement Term Sheet attributable to the loan that is the subject of this action, the Credit Facility Note, is $15,094.638.89 as of June 30, 2025, exclusive of legal fees and costs.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, to the best of my knowledge and belief after diligent inquiry.

Executed on July 3, 2025.

_____
Chris Johnston