IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

SYNARTIS INCOME FUND, LLC, et al.,

    Plaintiffs,

v.                                      Case No. 1:24-cv-00187-AW-MAF

CP HOLDINGS CONSOLIDATED, VII,
LLC, et al.,

    Defendants.

_____/

**DECLARATION OF CHARLES A. POSTLER IN
SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE
SETTLEMENT AND FOR ENTRY OF FINAL
JUDGMENTS AGAINST DEFENDANTS, JOINTLY
AND SEVERALLY, AND MEMORANDUM OF LAW**

I, Charles A. Postler, declare as follows:

1. I am an attorney and shareholder at Stichter Riedel Blain & Postler, P.A. ("**Stichter Riedel**"). Stichter Riedel represents the Plaintiffs and the other Synartis Lenders[1] in bankruptcy cases related to this action pending in the United States Bankruptcy Court for the Northern District of Florida, Gainesville Division: Celebration Pointe Holdings, LLC ("**CPH**") (Case No. 24-bk-10056-KKS);

---

[1] "Synartis Lenders" shall refer to, collectively, all of the plaintiffs in the six civil actions pending before this Court: Synartis Capital Management, LLC; Catalyst Synartis MF B Series MF 2A-2022, LLC; Catalyst Income Fund 2022-1A, LLC; Catalyst Synartis MF B Series Condo 3A-2023, LLC; Synartis Income Fund, LLC; and Catalyst Synartis CP Master 4A-2023, LLC.

Celebration Pointe Holdings II, LLC ("**CPH II**") (Case No. 24-bk-10057-KKS); and SHD-Celebration Pointe, LLC ("**SHD**") (Case No. 24-10058-KKS) (collectively, the "**Chapter 11 Cases**"). Stichter Riedel also represents the Plaintiffs in this action.

2. I am over 18 years old.

3. Unless otherwise stated, this Declaration is based upon facts of which I have personal knowledge.

4. This Declaration is submitted in support of the *Plaintiffs' Motion to Enforce Settlement and for Entry of Final Judgments Against Defendants, Jointly and Severally, and Memorandum of Law* (the "**Motion**") filed in the above-captioned case.

5. Attached as **Exhibit A** is a true and correct copy of the *Joint Second Amended Plan of Reorganization for Celebration Pointe Holdings, LLC, et al.* (Chapter 11 Cases, Case No. 24-bk-10056-KKS, ECF No. 198) (the "**Second Amended Plan**") filed in the Chapter 11 Cases.[2]

6. Attached as **Exhibit B** is a true and correct copy of the *Interim Order Conditionally Approving Second Amended Disclosure Statement (Doc. 197) and Scheduling a Status Conference as to Confirmation* (Chapter 11 Cases, Case No. 24-

---

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

bk-10056, ECF No. 228) (the "**Disclosure Statement Order**") entered by the Bankruptcy Court.

7. One of the defendants in this action is Patricia A. Shively, as Trustee of the Irrevocable Trust of Patricia A. Shively u/a/d/ October 26, 2010. This description of Ms. Shively's trust matches the description on the trust's guaranty agreement. However, Ms. Shively's counsel represented that she does not in fact have an irrevocable trust and that the actual trust party is the Patricia Ann Shively Amended and Restated Trust, which is a *revocable* trust. Thus, Shively signed the Settlement Term Sheet as Trustee of the Patricia Ann Shively Amended and Restated Trust.

8. On February 6, 2025, Stichter Riedel received and collected signatures on the binding Settlement Term Sheet (the "**Settlement Term Sheet**") from the signatories' counsel. After the parties signed the February 6, 2025, Settlement Term Sheet (the "**Settlement Term Sheet**"), I began drafting a comprehensive settlement agreement contemplated by the Settlement Term Sheet.

9. The total amount of $42,782,391.66 stated in the Settlement Term Sheet was a negotiated amount beginning with a spreadsheet provided by my firm as counsel to the Synartis Lenders to then-counsel to the Shively Parties, Edward Peterson, Esq., on January 17, 2025, titled "LOAN BALANCES-CP Loans-Analysis (as of 3.31.25)." This analysis calculated the projected balances of the Synartis

Loans as of March 31, 2025. Specific to this action, the projected balance of the Credit Facility Note was reflected as $14,577,138.89 as of March 31, 2025.

10. On March 11, 2025, the Chapter 11 Debtors incorporated the material terms of the settlement into their Second Amended Plan through the filing of their *Modifications to Joint Second Amended Plan of Reorganization for Celebration Pointe Holdings, LLC, et al.* (Case No. 24-bk-10056-KKS, ECF No. 266) (the "**Plan Modification**," and the Second Amended Plan as modified by the Plan Modification, the "**Modified Second Amended Plan**"). A true and correct copy of the Plan Modification is attached hereto as **Exhibit C**. Voluminous exhibits unrelated to the Synartis Lenders' settlement have been omitted from the attached Plan Modification for purposes of this filing.

11. On March 14, 2025, I sent a draft settlement agreement incorporating the terms of the Settlement Term Sheet to Shively, through her counsel, and to counsel for the other parties to the Settlement Term Sheet. On March 26, 2025, Shively, through counsel, provided comments to the draft settlement agreement. My law firm, on behalf of the Synartis Lenders, continued working on the detailed exhibits to the settlement agreement, including the stipulations for entry of consent judgment contemplated by the settlement.

12. Nothing seemed to be amiss until, on April 21, 2025, counsel for the Chapter 11 Debtors in the Chapter 11 Cases, Scott Shuker, Esq., sent an urgent email

to set up a Zoom meeting for 5:00 p.m. that day with the attorneys for the key stakeholders in the Chapter 11 Cases, including the undersigned counsel for the Synartis Lenders. At that meeting, Mr. Shuker informed the Synartis Lenders and the other stakeholders that Shively was backing out of the deal and no longer intended to honor her commitments to the Chapter 11 Debtors and the lenders (including the Synartis Lenders).

13. Later that week, on April 25, 2025, I participated in a conference call as counsel for the Synartis Lenders with counsel for the Shively Parties, where the Shively Parties' counsel confirmed the Shively Parties' intent to withdraw their support for the Modified Second Amended Plan and their intent not to proceed forward with the settlement as structured in the binding Settlement Term Sheet.

14. A hearing was already scheduled in the Bankruptcy Court on May 1, 2025, scheduled as the hearing on confirmation of the Modified Second Amended Plan. After Shively backed out of the binding agreement, on April 24, 2025, the Chapter 11 Debtors filed a motion to continue the confirmation hearing. (Case No. 24-bk-10056-KKS, ECF No. 296). A true and correct copy of the motion to continue is attached as **<u>Exhibit D</u>**. A true and correct copy of a transcript of the May 1, 2025, hearing before the Bankruptcy Court is attached as **<u>Exhibit E</u>**.

15. I have participated in several discussions with Shively's counsel since the April 21, 2025, meeting with the Chapter 11 Debtor's counsel and the April 25,

2025, meeting with the Shively Parties' counsel. The Shively Parties' counsel has made it clear that the Shively Parties do not intend to sign a definitive settlement agreement based on the binding Settlement Term Sheet or perform on their obligations under the Settlement Term Sheet.

16. This concludes my declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, to the best of my knowledge and belief after diligent inquiry.

Executed on July 3, 2025.

*Charles A. Postler*
Charles A. Postler